Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | Morton Denlow |
|---|---|---|---|
| **CASE NUMBER** | 02 CR 112 - 1 | **DATE** | 4/8/2002 |
| **CASE TITLE** | USA vs. Segal | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   The Court having reconsidered Defendant's motion to reconsider dismissal of complaint without prejudice [16-1], denies it because a magistrate judge does not have authority to grant the requested relief. It is recommended to the District Judge that the motion be denied on the merits for the reasons set forth in the Memorandum Opinion and Report and Recommendation.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | APR 1 0 2002 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | |
| | | 4/8/2002 | |
| DK | courtroom deputy's initials | date mailed notice DK | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL SEGAL, ) <br> ) <br> Defendant. ) | Case No. 02 CR 112 <br><br> Magistrate Judge Morton Denlow |

TO: THE HONORABLE RUBEN CASTILLO
UNITED STATES DISTRICT JUDGE



**MEMORANDUM OPINION
AND
<u>REPORT AND RECOMMENDATION</u>**

Defendant Michael Segal ("Defendant") moves this Court to reconsider its order of February 25, 2002, granting the government's motion to voluntarily dismiss its felony criminal complaint against Defendant without prejudice. Defendant requests this Court to make its dismissal with prejudice. For the reasons stated herein, the Court has reconsidered its order and denies Defendant's request because a magistrate judge does not have the authority to dismiss a felony complaint with prejudice. In addition, this Court recommends to the district judge, the Honorable Ruben Castillo, that the request for a dismissal with prejudice be denied on the merits.



## I. BACKGROUND FACTS

On January 26, 2000, the Defendant was arrested and later charged in a criminal complaint with a scheme to misappropriate premium trust funds from his insurance company, in violation of 18 U.S.C. §§ 1033(b)(1)(A) and (B) (misappropriation of trust funds) and 1341 (mail fraud). On that day, an initial appearance was held, a preliminary hearing was scheduled for February 15, 2002, and the Defendant was released on a $750,000 recognizance bond.

On February 14, 2002, a federal grand jury returned a one-count indictment charging Defendant with making false statements in a renewal application to the Illinois Department of Insurance, in violation of 18 U.S.C. § 1033(a)(1) and (2). The government promptly provided defense counsel with a copy of the indictment. The parties agreed no further arrest of Segal would be made because he had previously been arrested and was out on bond.

On February 15, 2002, the government appeared before this Court to advise that an indictment had been returned the previous day and there was no reason to proceed with the preliminary hearing. Defense counsel did not appear. The government explained its intention to dismiss the criminal complaint after the arraignment. The Court requested the government to notify defense counsel of its plan to dismiss the complaint once Defendant is arraigned and to leave the bond in place. The Court had no problem with the government's decision to defer dismissal of the complaint and if defense counsel had a problem they could advise the Court. (Tr. 2/15/02, p.3). The government so advised defense counsel. (Gif Soffer Aff. ¶2, Ex. C to Defendant's Reply). There was no discussion with the Court or between

2

the parties of whether the dismissal would be with or without prejudice.

On February 25, 2002, the government submitted to chambers its motion to dismiss without prejudice which this Court granted without a hearing. It is customary in this Court for the United States Attorney's Office to dismiss criminal complaints without prejudice following receipt of an indictment against the same defendant. On February 25, defense counsel received a copy of the government's motion to dismiss and for the first time learned of the government's intention to seek a dismissal without prejudice. (Soffer Aff. ¶ 3). On February 26, defense counsel contacted the Court's courtroom deputy to inquire about the appropriate time to present an objection to the government's motion, only to learn that the motion had already been granted. (Soffer Aff. ¶ 4). Defendant promptly filed its motion for reconsideration on February 27. Following a briefing schedule, oral argument was held on April 1, 2002.

## II. ISSUES PRESENTED

Defendant's motion raises the following issues to be decided by this Court:

1) Should the Court reconsider its decision of February 25, 2002 *de novo*? Yes.

2) Does this Court have the authority to dismiss the felony complaint with prejudice where the parties have not consented to this Court's jurisdiction? No.

3) Does this Court recommend to Judge Castillo that he dismiss the complaint with prejudice? No.

3

## III. THE COURT WILL RECONSIDER ITS ORDER OF FEBRUARY 25, 2002

The Court will reconsider its order of February 25, 2002 because defense counsel was not afforded an opportunity to appear at the time the motion to dismiss was presented and granted by the Court. The government and the Court both assumed that defense counsel had no objection to the granting of the motion. This assumption was in error. It serves no purpose to try to lay fault but rather to directly address the issue. Therefore, the Court will address the Rule 48(a) motion *de novo*.

### IV. THIS COURT LACKS JURISDICTION TO INVOLUNTARILY DISMISS A FELONY COMPLAINT WITH PREJUDICE IN THE ABSENCE OF CONSENT BY BOTH PARTIES

This Court lacks the legal authority to involuntarily dismiss a felony criminal complaint with prejudice. The Supreme Court construed the authority of magistrate judges in criminal matters in *Gomez v. United States,* 490 U.S. 858 (1989) and *Peretz v. United States*, 501 U. S. 923 (1991). In *Gomez*, the Supreme Court reviewed the evolution of federal magistrate judge jurisdiction, and in particular 28 U.S.C. §636(b)(3), which authorizes district courts to assign to magistrate judges "such additional duties as are not inconsistent with the Constitution and the laws of the United States." 490 U.S. at 863. While a literal reading of the additional duties clause would permit magistrate judges to conduct felony trials, "the carefully defined grant of authority to conduct trials of civil matters and of minor criminal cases should be construed as an implicit withholding of the authority to preside at a felony trial." *Id.* at 872. The *Gomez* court held Congress did not

intend magistrate judges to have the power to conduct jury selection in felony trials. *Id.* at 876.

In *Peretz*, the Supreme Court held the Magistrates Act "additional duties" clause permits a magistrate judge to supervise jury selection in a felony trial provided the parties consent. Similarly, the Supreme Court has upheld the power of magistrate judges to perform functions in felony proceedings, such as motions to suppress, so long as those determinations are reviewable by the district judge. *United States v. Raddatz*, 447 U.S. 667 (1980); 28 U.S.C. § 636(b)(1)(A) - (C). Within the Northern District of Illinois, magistrate judges "have the power to perform all duties set forth in the United States Code and the Federal Rules of Criminal Procedure." N.D. Ill. Local Cr. R.5.1.

If the government had not indicted Defendant, but had proceeded with the preliminary examination on the charges in the complaint, this Court would not have had the authority to dismiss the complaint with prejudice. If this Court had found no probable cause it could have dismissed the complaint and discharged the Defendant. However, the "discharge of the defendant shall not preclude the government from instituting a subsequent prosecution on the same offense." Fed. R. Crim. Pr. 5.1(b). It would be anomalous for a magistrate judge to lack the power to dismiss a complaint with prejudice following a full evidentiary hearing, yet to have such power under Fed. R. Crim. Pr. 48(a).

In civil cases, magistrate judges do not have the authority to involuntarily dismiss complaints with prejudice in the absence of consent by all parties. 28 U.S.C. §§ 636 (b)(1)(A) and (B), and 28 U.S.C. §636(c). Additionally, if a motion is dispositive, a

magistrate judge may only issue proposed findings and recommended dispositions regarding the motion in the absence of consent by the parties. *Vogel v. U. S. Office Products Co.*, 258 F.3d 509, 515 (6th Cir. 2001). After being served with a magistrate judge's recommended disposition, a party has ten days within which to file objections with the district judge. *See,* 28 U.S.C. § 636 (b)(1)(C). Therefore, by analogy, magistrate judges do not have authority to dismiss a felony criminal complaint with prejudice under Fed. R. Civ. Pr. 48(a) where consents have not been received.

Magistrate judges have limited authority in felony criminal matters. In *United States v. Dees*, 125 F.3d 261 (5th Cir. 1997), the court held that a magistrate judge has the authority to take a felony guilty plea where the parties consent and where the plea is subject to *de novo* review by the district judge. The decision contains a thorough analysis of the statutory and constitutional limits of magistrate judge authority in felony cases. "Although we are satisfied that the assignment of plea proceedings to magistrate judges does not encroach upon the trial jurisdiction of Article III judges, there are other ways that magisterial power can violate the structural guarantees of Article III. Most notably, Article III judges cannot delegate to magistrate judges final authority over some important issue in a case, as only Article III judges, not their adjuncts, have the power to dispose of cases or controversies." *Id.* at 268.

In *United States v. Carr*, 18 F.3d 738 (9th Cir. 1994), the court held that a magistrate judge could preside over a read-back of trial testimony in a felony jury trial pursuant to the "additional duties" provision of 28 U.S.C. § 636 (b)(3). "Though these additional duties are

magistrate judge may only issue proposed findings and recommended dispositions regarding the motion in the absence of consent by the parties. *Vogel v. U. S. Office Products Co.*, 258 F.3d 509, 515 (6th Cir. 2001). After being served with a magistrate judge's recommended disposition, a party has ten days within which to file objections with the district judge. *See,* 28 U.S.C. § 636 (b)(1)(C). Therefore, by analogy, magistrate judges do not have authority to dismiss a felony criminal complaint with prejudice under Fed. R. Civ. Pr. 48(a) where consents have not been received.

Magistrate judges have limited authority in felony criminal matters. In *United States v. Dees*, 125 F.3d 261 (5th Cir. 1997), the court held that a magistrate judge has the authority to take a felony guilty plea where the parties consent and where the plea is subject to *de novo* review by the district judge. The decision contains a thorough analysis of the statutory and constitutional limits of magistrate judge authority in felony cases. "Although we are satisfied that the assignment of plea proceedings to magistrate judges does not encroach upon the trial jurisdiction of Article III judges, there are other ways that magisterial power can violate the structural guarantees of Article III. Most notably, Article III judges cannot delegate to magistrate judges final authority over some important issue in a case, as only Article III judges, not their adjuncts, have the power to dispose of cases or controversies." *Id.* at 268.

In *United States v. Carr*, 18 F.3d 738 (9th Cir. 1994), the court held that a magistrate judge could preside over a read-back of trial testimony in a felony jury trial pursuant to the "additional duties" provision of 28 U.S.C. § 636 (b)(3). "Though these additional duties are

magistrate judge may only issue proposed findings and recommended dispositions regarding the motion in the absence of consent by the parties. *Vogel v. U. S. Office Products Co.*, 258 F.3d 509, 515 (6th Cir. 2001). After being served with a magistrate judge's recommended disposition, a party has ten days within which to file objections with the district judge. *See,* 28 U.S.C. § 636 (b)(1)(C). Therefore, by analogy, magistrate judges do not have authority to dismiss a felony criminal complaint with prejudice under Fed. R. Civ. Pr. 48(a) where consents have not been received.

Magistrate judges have limited authority in felony criminal matters. In *United States v. Dees*, 125 F.3d 261 (5th Cir. 1997), the court held that a magistrate judge has the authority to take a felony guilty plea where the parties consent and where the plea is subject to *de novo* review by the district judge. The decision contains a thorough analysis of the statutory and constitutional limits of magistrate judge authority in felony cases. "Although we are satisfied that the assignment of plea proceedings to magistrate judges does not encroach upon the trial jurisdiction of Article III judges, there are other ways that magisterial power can violate the structural guarantees of Article III. Most notably, Article III judges cannot delegate to magistrate judges final authority over some important issue in a case, as only Article III judges, not their adjuncts, have the power to dispose of cases or controversies." *Id.* at 268.

In *United States v. Carr*, 18 F.3d 738 (9th Cir. 1994), the court held that a magistrate judge could preside over a read-back of trial testimony in a felony jury trial pursuant to the "additional duties" provision of 28 U.S.C. § 636 (b)(3). "Though these additional duties are

not defined, it is clear that Congress intended to restrict magistrate judges to 'subsidiary matters' in felony cases." *Id.* at 740.

Because of the dispositive nature of the motion seeking a dismissal with prejudice, this Court determines that it does not have the power to grant such relief. For this reason, the Court continues this opinion as a report and recommendation to Judge Castillo subject to *de novo* review. 28 U.S.C. § 636 (b)(1)(A) - (C).

## V. STANDARDS FOR DISMISSAL UNDER RULE 48(a)

Federal Rule of Criminal Procedure 48(a) states:

> The Attorney General or the United States Attorney may by leave of court file a dismissal of an indictment, information or complaint and the prosecution shall thereupon terminate. Such a dismissal may not be filed during the trial without the consent of the defendant.

At common law the prosecutor could enter a *nolle prosequi* without approval of the Court. 3A Wright, Federal Practice and Procedure: Criminal 2d § 812 (1982). The Supreme Court added the "leave of court" requirement at the time of the adoption of the rule even though no such requirement was contained in the draft presented by the Advisory Committee on Criminal Rules. *Id., United States v. Cowan*, 524 F.2d 504, 509-511 (5th Cir. 1975). The "leave of court" requirement of Rule 48(a) is primarily intended to protect the defendant from prosecutorial harassment while accommodating the powers and duties of the executive and judicial branches. *United States v. Hamm*, 759 F.2d 624, 628-29 (5th Cir. 1981).

Prosecutors have broad discretion to initiate and conduct criminal prosecutions, in part

7

because of the separation of powers doctrine. *See, United States v. Armstrong*, 517 U.S. 456, 464 (1996) (separation of powers requires broad prosecutorial discretion because federal prosecutors "are designated by statute as the President's delegates to help him discharge his constitutional responsibility to 'take Care that the Laws be faithfully executed' "). A prosecutor has far-reaching authority to decide whether to bring charges, what charges to bring and when to bring charges. *See, United States v. Williams*, 504 U.S. 36, 48 (1992) (prosecutor requires no leave of court to seek grand jury indictment); *United States. v. LaBonte*, 520 U.S. 751, 762 (broad prosecutorial discretion to decide what charges to bring is an "integral feature of the criminal justice system"); *United States v. Lovasco*, 431 U.S. 783, 795-96 (1977) (18-month delay between crime and indictment not due process violation where delay was the result of prosecutor's good faith investigation).

Although prosecutorial discretion is broad, it is not unlimited, and courts have a responsibility to protect individuals from prosecutorial conduct that violates constitutional rights or is carried out in bad faith. 89 Georgetown L. J. 1233 (2001) cases collected at n. 641 and 642. Rule 48(a) represents one of the safeguards for a defendant. The principal object of the "leave of court" requirement is to protect a defendant against prosecutorial harassment, e.g., charging, dismissing, and recharging, when the government moves to dismiss an indictment over the defendant's objection. *Rinaldi v. United States*, 434 U.S. 22, 30, n. 15 (1977).

In *Rinaldi*, the Supreme Court held that in considering a government's motion to

8

dismiss under Rule 48(a), a "District Court was empowered to withhold leave if the Government's decision to terminate this prosecution clearly disserved the public interest." *Id.* at 29. The government is clothed with a presumption of good faith when it moves to dismiss a complaint under Rule 48(a). *United States v. Welborn*, 849 F.2d 980, 983 (5th Cir. 1988). The court should also consider the prosecutor's statement of reasons and responses by the defendant to determine if the presumption of good faith is overcome "by any affirmative reason to believe that the dismissal motion was motivated by considerations contrary to the public interest." *Id.* at 984. The Court will now examine the Government's reasons in light of these standards.

## VI. THE GOVERNMENT HAS NOT ACTED IN BAD FAITH IN SEEKING DISMISSAL OF THE COMPLAINT

Defendant claims the government acted improperly in arresting him, filing complaints claiming violations of 18 U.S.C. §§ 1033(b)(1)(A) and (B) and 1341, later indicting him under 18 U.S.C. § 1033(A)(1) and (2), and then dismissing the original complaint without prejudice. Defendant alleges he was arrested because he refused to aid in implicating others and for the purpose of placing pressure on him to cooperate in the investigation. Defendant contends it was bad faith to not indict him on the charges in the complaint; he was threatened with the execution of a search warrant on his business and residences if he did not cooperate; and he has been harmed by the adverse publicity which arose when the complaint was filed because it contains broader allegations than the later filed indictment.

The government points to valid prosecutorial reasons for seeking dismissal of the complaint. First, upon service of the search warrants, it received over 6,000 boxes of documents which it now must examine to determine whether to proceed with broader and more complex charges and to buttress the charges previously raised in the complaint. Second, the government has advised the Defendant that while it is prepared to proceed to trial on the current indictment, it intends to supersede the existing indictment with further charges based on its continuing review of the documents seized. Third, the government had probable cause for the initial complaint and arrest. Although defendant was not charged in the complaint with a violation of 18 U.S.C. § 1033(a), which was later charged in the indictment, this charge was clearly referenced in the supporting affidavit to the complaint. (Jane Higgins Aff. ¶ 38(b)). Fourth, the government has discretion as to when to present charges to the grand jury. Finally, the government asserts the public interest is served by arresting Defendant where probable cause exists that he committed a crime.

The Court finds no bad faith on the part of the government to seek dismissal of the complaint without prejudice. It is within a prosecutor's discretion to await a full review of more than 6,000 boxes of documents before deciding what additional charges to bring. Although the initial complaint was predicated in large part on information provided by former management level employees of Near North Insurance Brokerage, Inc., the decision to seek further corroboration of their information through an examination of documents is properly within the prosecutor's discretion. The public interest is not disserved by dismissing the

original complaint without prejudice while awaiting a more thorough investigation to be completed before the grand jury.

In *United States v. Dyal*, 868 F.2d 424 (11th Cir. 1989), the circuit court reversed the district court which had modified an earlier ruling dismissing a complaint without prejudice to a dismissal with prejudice. The government argued that the sole reason for seeking an earlier dismissal was to investigate the case. Although there was over a two-year delay between the time of the original dismissal and the later indictment, the court held this was a sufficient reason and reinstated the indictment. The government has no constitutional duty to indict as soon as the prosecutor has probable cause to believe the defendant is guilty. *Id.* at 429. "Rather than deviating from elementary standards of 'fair play and decency,' a prosecution abides by them if he refuses to seek indictments until he is completely satisfied that he should prosecute and will be able promptly to establish guilt beyond a reasonable doubt." *United States v. Lovasco*, 431 U.S. 783, 795 (1977).

The cases relied upon by Defendant recognize the general principles governing Rule 48(a); however, they do not require dismissal with prejudice in this case. For example, in *United States v. Salinas*, 693 F.2d 348, 352 (5th Cir. 1983), the government moved to dismiss an indictment after a jury was empaneled because the government "was simply displeased with the selected jury." This reason was inadequate to justify a dismissal without prejudice in order to bring a second indictment one week later. Such conduct constituted harassment of defendant, invited future misconduct, and raised issues of double jeopardy. This case is clearly distinguishable on its facts.

In *United States v. Fields*, 475 F.Supp. 903 (D.D.C. 1979), the court found the government acted in bad faith in bringing an indictment against the defendant when there was no prosecutable case against her and the indictment was brought to punish her for not cooperating as a prospective witness. In the instant case, the government has cooperating informants who have provided information against Defendant and dismissed the complaint in order to determine if the 6,000 boxes of documents may strengthen the case and lead to additional charges.

In *United States v. Starr*, 434 F.Supp. 214 (D.D.C. 1977), the court dismissed an indictment with prejudice where there was a 13-month delay between the arrest and dismissal of the complaint without prejudice and the later indictment. In the interim, two crucial defense witnesses disappeared and the court dismissed the indictment under Fed. R. Cr. P. 48(b) because of the serious prejudice to defendant arising out of the delay.

In *United States v. Hayden*, 860 F.2d 1483 (9th Cir. 1988), the court reversed the district court's decision to dismiss an indictment with prejudice. The government had sought a dismissal without prejudice where it had received the cooperation of a co-defendant and sought to expand the scope of the charges through an expanding investigation. A good faith expanded investigation justifies a Rule 48(a) dismissal without prejudice. *Id.* at 1488, n.7.

The public interest is served by the government continuing its investigation to determine the scope of the criminal conduct, if any, which has been brought to its attention by former executives of Near North Insurance Brokerage, Inc. as described in the criminal

complaint. The careful examination of the 6,000 boxes of documents which have now been produced justifies the government's motion to dismiss without prejudice.

## VII. CONCLUSION

The Court has reconsidered the motion and denies defendant's request that the complaint be dismissed with prejudice because this Court lacks authority to grant such relief. The Court further recommends that the district judge deny such request on the merits because the government did not act in bad faith in seeking dismissal without prejudice of the criminal felony complaint against Defendant. The government's decision to defer prosecution on the charges set forth in the complaint while it examines over 6,000 boxes of documents and decides whether to add additional charges is within the prosecutor's discretion and in the public interest.

_____
**MORTON DENLOW**
**United States Magistrate Judge**

**DATED: April 8, 2002**

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of receipt of this notice. Failure to file objections with the specified time waives the right to appeal the Magistrate Judge's Report and Recommendation. See Fed. R. Civ. P. 72(b); 28 U.S.C. 636(b)(1)(B); *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 329 (7th Cir. 1995); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258 (7th Cir. 1989).

**Copies Have Been Delivered in Open Court or Mailed to:**

William Hogan
Virginia M. Kendall
Dean Polales
U. S. Attorney's Office
219 South Dearborn Street
Chicago, IL 60604
**Attorneys for the United States**


Harvey M. Silets
Jonathan S. Feld
Gil M. Soffer
Katten Muchin Zavis
525 West Monroe Street
Suite 1600
Chicago, IL 60661-3693
**Attorneys for Defendant**