Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 CR 112 | **DATE** | 1/14/2004 |
| **CASE TITLE** | USA vs. Michael Segal, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order. Defendant Segal's motion to suppress evidence obtained during the searches of his residences and associated storage room is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | JAN 15 2004 date docketed | |
| ✓ | Docketing to mail notices. | | 193 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| RO | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DISTRICT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 02 CR 112 |
| v. | ) | |
| | ) | Judge Ruben Castillo |
| MICHAEL SEGAL, DANIEL | ) | |
| WATKINS, and NEAR NORTH | ) | |
| INSURANCE BROKERAGE, INC. | ) | |

## MEMORANDUM OPINION AND ORDER

On January 26, 2002, FBI agents searched Michael Segal's office, his two residences—one on Lake Shore Drive and another on Sheridan Road—and a storage area associated with the Lake Shore Drive residence. Presently before this Court is Segal's motion to suppress evidence obtained during the searches of his residences and associated storage area. For the reasons provided below, we deny his motion to suppress. (R. 143-1.)

## RELEVANT FACTS

The warrants for these searches were based on an affidavit by FBI agent Patrick Murphy. The affidavit includes sixty-four paragraphs; the final twelve paragraphs discuss the locations of the records that support the criminal allegations. In addition to providing a detailed description of the charges against Segal, the affidavit contains the following information in support of the Government's request to search Segal's residences and associated storage area: (1) two confidential informants stated that Segal conducts business from both of his residences; (2) both residences are equipped with computers that can access Near North's email system; (3) Near North employees gather business and personal documents for Segal at the end of each work day for him to take to his residences; (4) a confidential informant stated that he has performed personal services for the Segal family at both residences; (5) a confidential informant stated that

Segal has a storage area associated with his Lake Shore residence; and (6) according to the affiant's experience, it is common to store financial records, correspondence, and documents in storage areas affiliated with residences.

## LEGAL STANDARDS

When issuing a search warrant, a magistrate judge must "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Ill. v. Gates*, 462 U.S. 213, 238 (1983). A magistrate judge's determination is accorded "great deference." *Id.* at 236 (quoting *Spinelli v. United States*, 393 U.S. 410, 419 (1969)). The reviewing court only determines whether the magistrate judge had a "'substantial basis for . . . conclud[ing]' that probable cause existed." *Id.* (quoting *Jones v. United States*, 362 U.S. 257, 271 (1960)). Finally, a magistrate judge's probable cause determination "should be overruled only when the supporting affidavit, read as a whole in a realistic and common sense manner, does not allege specific facts and circumstances from which the magistrate could reasonably conclude that the items sought to be seized are associated with the crime and located in the place indicated." *United States v. Spry*, 190 F.3d 829, 835 (7th Cir. 1999) (citing *United States v. Pritchard*, 745 F.2d 1112, 1120 (7th Cir. 1984)).

## ANALYSIS

Defendants assert that the Government's affidavit contains insufficient facts to permit the magistrate judge to conclude that probable cause existed to search Segal's Lake Shore Drive and Sheridan Road residences and the associated storage area. Defendants argue that *United States v.*

2

*Brown*, 832 F.2d 991 (7th Cir. 1987), *United States v. Dickerson*, 975 F.2d 1245 (7th Cir. 1992), and *United States v. McNeal*, 82 F. Supp. 2d 945 (S.D. Ind. 2000), compel this Court to find that the magistrate judge lacked a substantial basis for concluding that probable cause existed. In *Brown*, the Government requested a warrant to search an apartment, but the affidavit did not indicate how the Government knew that the apartment "was truly one of [the defendant's] addresses" and contained "a paucity of information suggesting that a search of the [apartment] would uncover evidence of wrongdoing." 832 F.2d at 994. Thus, the Seventh Circuit stated that it did not dispute "the district court's conclusion that the totality of the circumstances in this case did not establish a substantial basis for concluding that probable cause existed." *Id.* In *Dickerson*, the Government requested a warrant to search a residence, but the affidavit "stated only that a witness saw the robber run from the bank to a car parked in the emergency lane of I-69 and the license plate number of the car was registered to [the defendant's residence]." 975 F.2d at 1249-50. Importantly, the affidavit did not state that defendant's car was parked at the residence the Government wanted to search. *Id.* Thus, the Seventh Circuit doubted whether a magistrate judge had a substantial basis for concluding that probable cause existed. *Id.* Finally in *McNeal*, the court held that the magistrate judge lacked a substantial basis for concluding that probable cause existed when the Government requested a warrant to search a residence with an affidavit that contained no evidence that the defendant "controlled the residence" and no information about a confidential informant who stated that the defendant was involved in drug transactions. 82 F. Supp. 2d at 960.

After reviewing these cases, we conclude that they do not compel this Court to find in the present case that the magistrate judge lacked a substantial basis for concluding that probable

cause existed. First, in both *Brown* and *McNeal* the affidavits failed to indicate that the defendants had any control over the searched residences. There is no dispute that Segal controlled both the Lake Shore Drive and Sheridan Road residences. Second, the court in *McNeal* could not ascertain the veracity of the information provided by a confidential informant. The affidavit in the present case identifies each of the confidential informants and explains their connection to Segal and Near North. Finally, the only connection between the residence and the affidavit in *Dickerson* was the defendant's car registration. The affidavit in the present case states that Segal worked at his residences and, thus, provides a much greater connection between his residences and the alleged fraud crimes. After reviewing these cases, we find that they are all distinguishable.

In fact, the affidavit provided the magistrate judge with a substantial basis for concluding that probable cause existed. First, the affidavit indicated that these residences were controlled by Segal. Second, the affidavits provided sufficient information about the confidential informants to permit the magistrate judge to consider the veracity of their statements. Third, the affidavits contained sufficient information to permit the magistrate judge to conclude that Segal regularly conducted business from his two residences. Specifically, the affidavit stated that Segal worked from home and took documents home with him at the end of the work date. And finally, the affidavit provides a lengthy description of how Segal allegedly appropriated monies from Near North's petty cash fund for his own personal use. These facts provide a substantial basis for concluding that probable cause existed to search Segal's residences, especially when considering the scope of the alleged fraud and Segal's role in it, both of which are described in great detail in the affidavit. We also find that the these facts justify the search of the Lake Shore Drive storage

4

area because, reading the affidavit "as a whole in a realistic and common sense manner," a magistrate judge could reasonably conclude that evidence of the alleged criminal activity would be found there as well. *Spry*, 190 F.3d at 835.

Segal asserts that our affirmation of the magistrate judge's probable cause finding would permit the Government to search the residence of anyone suspected of committing a crime at work if the Government can present evidence that the suspect worked at home. His dire prediction, however, ignores the totality of the circumstances and instead isolates a few of the facts and circumstances contained in the affidavit and divorces them from the context of the crimes with which he is charged. As probable cause determinations are inherently factual, we do not believe that our decision is relaxing the probable cause standards. A common-sense reading of the affidavit indicates that there was a "fair probability" that evidence would be found in Segal's residences and the associated storage rooms. Thus, we affirm the magistrate judge's probable cause determination.

In the alternative, we find that the police officers who conducted the search relied on the magistrate judge's finding of probable cause in good faith. *See United States v. Leon*, 468 U.S. 897 (1984).

> An officer's decision to obtain a warrant is *prima facie* evidence that he or she was acting in good faith. Two ways that the defendant may rebut this *prima facie* case are by presenting evidence to establish either that: (1) the magistrate wholly abandoned his judicial role, or otherwise failed in his duty to perform his neutral and detached function and not serve merely as a rubber stamp for the police; or (2) the officer submitted an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.

*United States v. Koerth*, 312 F.3d 862, 868 (7th Cir. 2002) (internal citations and quotations omitted). Defendants have not presented any evidence that the magistrate judge abandoned his

judicial role. Instead they argue that the FBI agents' beliefs that probable cause existed were unreasonable. As we have already found that the affidavit provided the magistrate judge with a substantial basis for concluding that probable cause existed, we also find that the affidavit possessed sufficient indicia of probable cause to make their beliefs reasonable.

## CONCLUSION

For the reasons provided above, we deny Segal's motion to suppress evidence obtained during the searches of his residences and associated storage room. (R. 144-1.)

ENTERED: /s/ Ruben Castillo

Judge Ruben Castillo
United States District Court

**Dated: January 14, 2004**